## Ervin T. Wood, Defendant in Error, v. The Wabash Railroad Company, Plaintiff in Error.

### Gen. No. 19,159.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed May 21, 1914. Rehearing denied June 3, 1914.

### Statement of the Case.

Action by Ervin T. Wood against Wabash Railroad Company to recover damages for personal injuries sustained by plaintiff while in defendant's employ as a switchman in its yards at Fort Wayne, Indiana. From a judgment in favor of plaintiff for $12,500, defendant appeals.

At the time of the accident the plaintiff, who was an experienced switchman, was the "field man" in a crew engaged in switching the cars of a train consisting of five freight cars and an engine. The train was in charge of a conductor named Mohl. The first or end car of the train was a heavily loaded box car. This car was "kicked back" past a switch, along what is called a "passing" track, to a point approximately two hundred feet beyond the switch. There was a slight upgrade from the switch to the point where the car stopped. While the first car was moving along the "passing" track, the next two cars of the train were switched to another track leading to an electric light plant. In this movement, the last of the two cars was not entirely clear of the switch when it stopped. Just as it stopped on the switch, Mohl noticed that the car which had been kicked into the passing track had started to run back and was moving toward the switch at the rate of two or three miles an hour. To prevent a collision, he called out to the plaintiff: "Block that car." The plaintiff, who was watching the

second and third cars, turned, picked up a rusty "fish-plate," or "angle iron," which he saw lying on the ground, and holding one end of it in his right hand, laid the other end across the rail in front of the wheel of the moving car. The fishplate did not stop the car, but was pushed along the rail by the car wheel. The plaintiff and one other witness testified that thereupon Mohl called out to the plaintiff: "Put it length-ways," and that in attempting to put the iron under the wheel in that manner, the plaintiff's hand was caught between the fish plate and the rail and his arm was run over.

The plaintiff's declaration stated, in effect and in substance, that the conductor was a vice-principal and that the plaintiff was bound to conform to his orders and directions; that under the statutes of Indiana (which were pleaded) a railroad company is liable for injuries sustained by an employe "where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform," and also where the injury was caused by the negligence of a fellow-servant who was "at the time acting in the place, and performing the duty of the corporation in that behalf," and the person injured was obeying an order of some superior at the time of such injury; and that the plaintiff was injured through the negligence of the conductor, to whose order the plaintiff was bound to conform, while obeying the conductor's order to block the wheels of a moving car.

ZANE, MORSE, McKINNEY & McILVAINE, for plaintiff in error; J. L. MINNIS, of counsel.

HENRY R. RATHBONE, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

McConnell v. The General Roofing Mfg. Co., 187 Ill. App. 99.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 797—*when refusal of requested instructions error.* In an action against a railroad company for injuries sustained by a switchman alleged to have resulted in obeying an order of a conductor to stop a moving car, requested instructions stating in substance that if the jury find from the evidence that in obeying an order of the conductor, the plaintiff was injured, not by reason of any directions in the order itself but by reason of the manner in which he performed the order, then the jury should find the defendant not guilty, *held* to state a correct proposition of law, and refusal to give the same *held* error.

2. MASTER AND SERVANT, § 803*—*when instruction as to assumption of risk and contributory negligence in obeying an order erroneous.* An instruction on the question whether a servant assumed the risk or was guilty of contributory negligence in obeying a specific order of an employe he was bound to obey, which treated the defenses of assumed risk and contributory negligence as having the same meaning, and directed as a test to be applied to each whether the danger was so great that an ordinary prudent person would have obeyed such order or attempted to perform such act, *held* erroneous for the reason that such test was not applicable on the question of assumed risk, where it was a question for the jury whether the order was to perform an act in the scope of the servant's employment.